UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:12-cv-00227-KKC

DORIS JEAN FULKS,                                                                                    PLAINTIFF,

v.                                **MEMORANDUM OPINION & ORDER**

COMMISSIONER OF SOCIAL SECURITY,                                         DEFENDANT.

* * * * * * * *

This matter is before the Court on cross motions for summary judgment filed by Plaintiff Doris Jean Fulks and the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security. The Administrative Law Judge's ruling is supported by substantial evidence. Therefore, the Court will grant the Commissioner's motion (R. 16) and deny the Plaintiff's motion (R.15).

**I.      Facts and Procedural History.**

Claimant filed for Supplemental Security Income (SSI) on February 25, 2010, alleging a disability beginning on March 15, 2007. AR 182. A hearing was held on July 12, 2011, in London, Kentucky, before Administrative Law Judge (ALJ) Todd Spangler who subsequently denied her request for benefits in a written opinion dated August 16, 2011. AR 9, 343. Both the Claimant and Vocational Expert (VE) Jo Ann Bullard testified at the hearing.  Claimant has exhausted her administrative appeals and has moved to have her claim reviewed by this Court pursuant to 42 U.S.C. § 405(g) & 1383(c)(3).

Claimant was forty-six years old when she filed the SSI application, and was forty-eight when the ALJ's decision was filed. AR 9, 94. She has a prior work history as a fast food worker. AR 21.  Claimant alleged disability due to the following ailments: hypertension, arthritis,

migraine headaches, fatigue, neck pain, back pain, multiple joint pain, numbness and tingling upper extremity, anxiety, trouble sleeping, and weak grip strength. AR 212.

## II. Overview of Process and the ALJ's decision.

The Social Security Act defines a claimant as disabled when the claimant cannot engage in substantial gainful activity of at least a year's expected duration due to a medically determinable physical or mental impairment. 42 U.S.C. § 423(d)(1)(A); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006). A claimant is disabled if she is neither able to perform previous work, nor engage in substantial gainful work that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006). The Social Security Administration reviews a claim and whether or not a claimant is disabled for purposes of the Act. *Combs*, 459 F.3d at 642 (6th Cir. 2006). A claimant can then request an ALJ review if the SSA concludes she is not disabled.

Using the traditional five-step analysis, *see Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1420; the ALJ found that at step one, Claimant had not engaged in substantial gainful activity since the application date, AR 14; that Claimant suffered from several severe impairments including degenerative conditions of the cervical and lumbar spine, diabetes mellitus, obesity, limited intellectual functioning, and anxiety disorder, *Id.*; that Claimant did not have an impairment or a combination of impairments that met or equaled a Listed Impairment, AR 17; that the Claimant had the Residual Functioning Capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), with the exceptions that she can perform no more than occasional climbing, stooping, crawling, and overhead reaching with the right upper extremity, that she not be exposed to vibrations, and that she be limited to

2

working in object focused settings with casual and infrequent co-worker and supervisor contact, AR 19; and that based on her RFC and the testimony of the VE, there are a significant number of jobs in the national economy that Claimant can perform such as housekeeper, laundry folder and sorter, AR 21. Thus, the ALJ determined Claimant was not disabled and denied her claim for SSI. AR 9.

### III.     Standard of Review.

When reviewing decisions of the Social Security Agency or the ALJ, the Court is required to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks omitted).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

The court may examine the entire record to determine if the ALJ's decision is supported by substantial evidence. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). However, the court "do[es] not review the evidence de novo, make credibility determinations, nor weigh the evidence." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

This Court must defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (*quoting Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

**IV. Analysis.**

As a threshold matter, the Court notes that the ALJ detailed the Claimant's RFC as determined in her previous four applications. AR 12. An ALJ is bound by a previous RFC determination when a claimant does not set forth new and material evidence or show new circumstances. AR 12; *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997)[1]. Here, the ALJ determined the Claimant did not set forth any new or material evidence showing a physical or psychological deterioration since the previous unfavorable decision. Therefore, the ALJ determined the RFC would be the same as it was in Claimant's previous unsuccessful claims. AR 12.

Claimant Doris Jean Fulks contends that the ALJ erred by (1) improperly disregarding opinions of the treating and examining physicians, (2) discrediting Claimant and not sufficiently listing reasons for doing so, (3) failing to apply the Sixth Circuit pain standard, and (4) incorrectly concluding the VE's testimony proved there were jobs in the national economy that she could perform.

In her first issue, Fulks makes a conclusory argument without identifying the specific physicians' opinions the ALJ allegedly failed to afford controlling weight. The Court is not required to formulate an argument when a claimant fails to do so, *Hollon ex re. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490-91 (6th Cir. 2006), however, the Court will nonetheless address the evidence presented. In general, the opinion of a treating physician is given controlling weight if it is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 1527(d)(2); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). An ALJ must provide "good reasons" for not giving a treating physician's opinion controlling weight. *Id*.

---

[1] The Court also notes that the Claimant does not appear to make any *Drummond* related argument in her 22 page brief to this Court.

4

The ALJ, however, is not required to give any weight to the conclusory opinions of treating physicians that the claimant is unable to work, since that determination is reserved for the Commissioner. *Vance v. Comm'r of Soc. Sec.*, 260 Fed. App'x 801, 804 (6th Cir. 2008).

The ALJ did not violate the treating physician rule in this case. Rather, his opinion appears consistent with the treating physicians' records, just not to the level of disability as Claimant suggests. Fulks cites to a multitude of medical records and references three treating physicians: Dr. J.J. James, Dr. Anita Cornett, and Dr. Emmanual Yumang[2]. Dr. J.J. James diagnosed her with diabetes and hypertension. AR 218-219. She also sought treatment from him for earaches, a cough, and obesity. AR 195-196; 224-225; 251-252; 222-223; 201-202; 219; 284; 327. She also references treatment records from the office of Dr. Cornett and Dr. Yumang regarding her hypertension and bronchitis. AR 282-83; 334-335.

Other objective medical evidence in the record suggests that Claimant is not disabled. For example, Claimant alleged that she suffers from nerves and depression, yet the ALJ found Claimant has never been hospitalized as a result of either. AR 17. An ALJ can find a claimant incredible when she fails to seek significant medical treatment, yet complains she suffers from severe, disabling pain. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). Claimant also alleged that she suffers from disabling diabetes and high blood pressure. AR 16. However, her medical records indicate that medication controls Fulks blood pressure. *See* AR 16; 199 (Dr. Cornett Exhibit E2F). Dr. Cornett also notes Claimant's diabetes is controlled and uncomplicated, which is consistent with the ALJ's conclusion that Claimant's symptoms are mild and not disabling. AR 200; 202; 219; 221. Further, the ALJ found no

---

[2] The citations listed in Claimant's Brief (R. 15 at 6) only direct this Court to Dr. Cornett's notes. No treatment notes for Dr. Yumang were found in an even more intensive search of the administrative record than the citations directed. This Court construes Claimant's argument to say Dr. Cornett and Dr. Yumang appear to share an office and Dr. Cornett was the doctor discussing the symptoms Claimant alleged.

evidence to support Claimant's assertion she suffers from severe, disabling pain because the record shows only subjective complaints of a pinched nerve in her neck, pain in her arms and left leg, arthritis, and back problems. AR 15; AR 212.

Fulks cites to numerous visits and consultation with Nurse Practitioner Edna Stewart from Community Health Center in Manchester. AR 296-297; 336-339. However, the ALJ was not required to adopt her opinion because Stewart is not considered an "acceptable medical source" but rather falls under the category of "other sources." *See* 20 C.F.R.§ 416.913. Unlike opinions of treating physicians, opinions from "other sources," are not entitled to controlling weight; rather the weight given to such opinions "will vary according to particular facts of the case, the source of the opinion, including the source's qualifications, the issue(s) that the opinion is about, and many other factors . . ." *See* SSR 06-3p (2006). The ALJ properly discounted Stewart's opinion that Claimant suffers from irritable bowel syndrome (IBS). Claimant had bowel surgery in 1991, but since then there has been "minimal evidence of emergent or other treatment for bowel problems besides routine office visits." AR 17. There is no evidence Claimant received any substantial type of treatment for her bowel problem, a finding which supports the ALJ's decision that Claimant's bowel problems do not constitute a severe problem. *Id*. Moreover, the ALJ noted that she has not been prescribed any anti-diarrheal or anti-cramping medications in the past or currently which further minimized Claimant's allegations that this was a disabling condition.

Claimant also contends that the ALJ failed to give adequate deference to Certified Clinical Psychologist Mary Allen-Genther's mental evaluation and conclusion that Claimant suffers from a listed mental impairment. Fulks was referred to Genther at the direction of the state. There are no medical records that Fulks sought psychological treatment on her own. Even

considering Genther as a "treating" source, Genther's findings do not fully support a finding of a listed mental impairment. Genther determined Claimant has a Global Assessment of Functioning (GAF) score of 50, but Genther found Claimant suffered from borderline intellectual functioning, not mild mental retardation. AR 17-18. Genther's GAF score was contradicted by her own explanation of limitations Claimant would be placed under. A score of 50 indicates a person with serious limitations, however the only limitation Genther placed on Claimant was that she work in a setting where she would only be expected to follow simple instructions. *Id*. The ALJ noted a simple instruction limitation is not indicative of a serious impairment. *Id.*

The ALJ also assessed Fulks' daily living activities in the context of addressing Genther's findings.  He noted specific evidence that Claimant's limitations were only mild, and not indicative of severe, disabling restrictions. *Id*. For example, the Claimant interacts with others, although with limited eye contact, but also holds a valid driver's license and can read the newspaper and write. *Id.* Claimant also prepares simple foods in the microwave, drives a few miles to the store, and shops once or twice a month. AR 18, 228-29. Thus, the ALJ properly discounted Genther's opinion.

Further, an ALJ is not required to consider GAF scores determined by other physicians. *Howard v. Comm'r. of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002). Failure to reference the GAF when determining the RFC does not make the RFC inaccurate. *Id*. Therefore, the ALJ did not err in failing to completely incorporate the GAF score in his RFC determination of the Claimant.

In addressing her second issue and third issues, the ALJ properly assessed Fulks' credibility and applied the correct Sixth Circuit pain standard. Claimant cites *King v. Heckler* to show pain alone may be severe enough to constitute disability. 742 F.2d 968, 974 (6th Cir. 1984). However, Claimant failed to cite objective medical evidence to support her assertions of

disabling pain. Further, the ALJ considers several factors in addition to physician opinions in determining the severity of pain, such as:

> (1) daily activities, (2) the location, duration, frequency, and intensity of pain or other symptoms, (3) precipitating and aggravating factors, (4) the type, dosage, effectiveness, and side effects of any medication one takes or has taken to alleviate pain or other symptoms, (5) treatment, other than medication, one receives or have received for relief of pain or other symptoms, (6) any measures one uses or has used to relieve pain, (7) other factors concerning functional limitations and restrictions due to pain or other symptoms.

*Felisky v. Brown*, 35 F.3d 1027, 1037-38 (6th Cir. 1994); 20 C.F.R. § 416.929(c)(3). For example, the ALJ discussed several of these factors, such as daily activities and treatment, when evaluating the physicians' opinions of her condition and complaints of disabling pain. Claimant's daily activities show she was not severely limited. She reported taking care of her own needs. He noted that she drives locally and cares for her disabled husband. AR 18. Moreover, he noted treatment and medication for her ailments such as diabetes as discussed above. Thus, the ALJ properly considered these factors in his evaluation of the Claimant's allegations of severe, disabling pain.

Claimant also contends the ALJ improperly discredited her testimony. While a claimant's subjective statements of pain and symptoms can support a claim for disability if also supported by objective medical evidence of an underlying medical condition, Fulks' statements cannot support a claim for disability because the ALJ properly found that the record does not include objective medical evidence to fully support her statements. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997); 20 C.F.R. § 416.929 (2012).

In examining her credibility, the ALJ highlighted evidence of Fulks exaggerating her symptoms. A claimant's exaggeration can serve as the sole basis for an ALJ's determination that a claimant is incredible. *Jones v Callahan*, 122 F.3d 1148, 152 (8th Cir. 1997). First, the ALJ

8

discussed Claimant's assertion that she can only sit for five minutes without suffering discomfort. AR 15. Contrary to that assertion, Claimant sat for 40 minutes during her hearing without complaint. AR 15, 214. Second, Dr. Hoskins' opined that Claimant was exaggerating her pain and only suffered from mild limitations. AR 15, 214-16. During Claimant's appointment with Dr. Hoskins she complained with every movement, yet did not complain when she moved during the hearing, which brings her credibility further into question. AR 20. Evidence in the record also shows Claimant was uncooperative and gave poor effort when Dr. Hoskins was observing her physical movements, and subsequently, Dr. Hoskins was unable to properly examine Claimant. AR 215-16. Third, evidence raised regarding Claimant's bowel problems is inconsistent amongst physicians. During an examination by Dr. Genther, Claimant went to the restroom several times, yet she did not go at all during a separate examination by Dr. Hoskins. AR 17. Finally, the ALJ discussed Claimant's mentioning of respiratory problems ranging from coughing to allergies she felt were symptomatic of chronic bronchitis. AR 16. However, Claimant continued to smoke between one and a half and two packs of cigarettes a day, and Dr. Hoskins found Claimant's lungs functioned normally. *Id*. Taken in combination, these inconsistencies and contradictions in Claimant's testimony and evidence warranted suspicion as to the legitimacy of her claims. Therefore, the ALJ properly discredited Claimant and her testimony.

With regard to her fourth issue, the ALJ properly considered the VE's testimony when he concluded there are jobs in the national economy Claimant can perform. The testimony of the VE can provide substantial evidence that a claimant can perform jobs when the testimony is given in response to a hypothetical that accurately portrays the Claimant, in terms of both physical and mental impairments. *Howard v. Comm'r. of Soc. Sec.*, 276 F.3d 235, 239 (6th

9

Cir.2002). Further, the VE testimony must realistically take into account the types of work a claimant is qualified to perform. *Stamper v. Harris*, 650 F.2d 108, 112 (6th Cir. 1981). Here, the ALJ provided the following description of a hypothetical individual to the VE:

> * * * an individual of Claimant's age—younger individual with a high school education limited to light exertion with no more than occasional climbing, stooping, crouching, crawling, overhead reaching with the right upper extremity; no exposure to vibrations; limited to work in an object-focused setting with casual and infrequent co-worker and supervisor contact.

AR 21, 371. The ALJ then asked the VE if jobs exist in the local or national economy that Claimant can perform. The VE responded that there are such jobs available and identified two of those jobs. AR 371.This description not only accurately portrayed the Claimant; it was virtually an exact description of the Claimant and her limitations. This Court has already determined the ALJ properly determined Claimant's RFC by considering both physical and mental impairments alleged by Claimant. Therefore, the VE's testimony stating that there are jobs in the local or national economy the Claimant can perform amounts to substantial evidence which supports the ALJ's determination that Claimant is not disabled.

V.      Conclusion.

For the reasons stated, the Court concludes that the ALJ's decision finding the Claimant is not disabled is supported by substantial evidence in the record. Accordingly, **IT IS ORDERED**:

(1) Plaintiff's motion for summary judgment (R. 15) is **DENIED;**

(2) The Commissioner's motion for summary judgment (R. 16) is **GRANTED;** and

(3) A separate Judgment shall issue.

Dated this 9th day of August, 2013.



Signed By:
*Karen K. Caldwell* KKC
United States District Judge